**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

SHARON RENEE RACSKO

    Debtor

Case No.  10-32144

DEAN B. FARMER, TRUSTEE

    Plaintiff

v.

SHARON RENEE RACSKO, individually,
and in her capacity as Trustee of the
Poppy Family Trust

    Defendant

Adv. Proc. No. 11-3012

**MEMORANDUM ON TRUSTEE'S MOTION
FOR SUMMARY JUDGMENT**

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC
    Dean B. Farmer, Esq.
    Alicia Cottrell, Esq.
    Post Office Box 869
    Knoxville, Tennessee  37901-0869
    Attorneys for Plaintiff

    POPE LAW OFFICES
    Rebecca M. Wright, Esq.
    4 East Washington Avenue
    Athens, Tennessee  37303
    Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint to Avoid Fraudulent Transfer and for Turnover of Estate Property (Complaint) filed by the Plaintiff on January 24, 2011, averring that the Defendant/Debtor fraudulently transferred funds to the Poppy Family Trust, and seeking to avoid the transfer pursuant to 11 U.S.C. §§ 544 and 548 (2006) and Tennessee Code Annotated § 66-3-305 (2004). The Plaintiff also seeks to recover the avoided transfers pursuant to 11 U.S.C. § 550 (2006).[1] The Defendant filed an Answer to Complaint to Avoid Fraudulent Transfer and for Turnover of Estate Property on March 21, 2011, denying the Trustee's allegations of fraudulent intent and his entitlement to turnover of the funds in question.

Before the court is the Trustee's Motion for Summary Judgment (Motion for Summary Judgment) filed by the Plaintiff on June 24, 2011, which was supplemented on June 27, 2011, by a Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Summary Judgment (Statement of Undisputed Facts) and a Memorandum of Law in Support of Trustee's Motion for Summary Judgment as required by E.D. Tenn. LBR 7056-1. Also filed on June 27, 2011, was a Notice of Filing Exhibits in Support of Motion for Summary Judgment attaching the following exhibits: (1) excerpts from the deposition of the Defendant taken June 9, 2011; and (2) the Affidavit of Sharon R. Racsko. Pursuant to E.D. Tenn. LBR 7007-1, the Defendant filed the Defendant's Response to Motion for Summary Judgment (Response) on July 8, 2011, supported by a Memorandum of Law in Opposition to Trustee's Motion for Summary Judgment and the following documents attached to the Notice of Filing of Exhibits in Opposition to Motion for Summary

---

[1] In his Complaint, the Plaintiff seeks an order directing the Defendant to "turn over property of the estate" pursuant to "11 U.S.C. § 550." Section 550 permits a trustee, upon avoidance of a transfer, to recover the property transferred or its value. *See* 11 U.S.C. § 550(a) (2006). Such property does not become property of the estate until it has been recovered by the trustee. *See* 11 U.S.C. § 541(a)(3) (2006). Turnover actions arise under 11 U.S.C. § 542 (2006).

Judgment: (1) excerpts from the deposition of the Defendant taken June 9, 2011; (2) a Memorandum of Decision dated August 1, 2003, in *Racsko v. Racsko*, Docket No. FA00-015 82 51 S, in the Superior Court of Connecticut, Judicial District of Waterbury, Regional Family Trial Docket at Middletown; (3) the Affidavit of Sharon R. Racsko; (4) Poppy Family Trust 2008 document dated November 6, 2008; (5) the Affidavit of William E. Watson dated June 4, 2011; (6) bank records from Citizens National Bank for the Poppy Family Trust from November 2008 through June 2010; (7) Automatic Transfer Authorization dated September 25, 2009, for automatic monthly transfers of $1,219.19 between Sharon Racsko and CNB from October 1, 2009 through February 1, 2011; (8) letter dated November 14, 2008, from Donna Hicks with American Airlines to Sharon R. Racsko; (9) letter dated February 25, 2009, from Sharon R. Racsko to Beverly L. Lotz, Administrator with American Airlines; (10) letter dated March 4, 2009, from Beverly Lotz, Administrator with American Airlines, to Sharon R. Racsko; (11) letter dated April 19, 2009, from Sharon R. Racsko to Beverly L. Lotz, Administrator with American Airlines. Additionally, the Defendant filed a Response to Statement of Undisputed Material Facts but did not, as allowed by E.D. Tenn. LBR 7056-1(c), file a statement of any additional undisputed facts.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, revised effective December 1, 2010, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[,]" with the procedures concerning summary judgment now requiring the following:

> (1) ***Supporting Factual Positions***. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

>   (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>   (2) ***Objection That a Fact Is Not Supported by Admissible Evidence***. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>   (3) ***Materials Not Cited***. The court need consider only the cited materials, but it may consider other materials in the record.
>
>   (4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure).[2] When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

As movant, the Plaintiff bears the burden of proving that, based upon the record presented to the court, there is no genuine dispute concerning any material fact, such that the claims or defenses alleged are factually unsupported, entitling them to judgment as a matter of law. *Celotex Corp. v.*

---

[2] As set forth in the Notes of Advisory Committee on 2010 amendments, the standard for granting summary judgment has not changed, and "[t]he amendments will not affect continuing development of the decisional law construing and applying [that standard]."

Case 3:11-ap-03012-rs    Doc 21    Filed 07/22/11    Entered 07/22/11 15:56:16    Desc
Main Document    Page 5 of 9

*Catrett*, 106 S. Ct. 2548, 2553 (1986); *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the Defendant, as the nonmoving party, to prove that there are genuine disputes of material fact for trial, although she may not rely solely upon allegations or denials contained in the pleadings, as reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient." *Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). The facts and all resulting inferences are viewed in a light most favorable to the non-movant, with the court deciding whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. Nevertheless; "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

The Plaintiff seeks to avoid the Defendant's/Debtor's transfer of $79,973.27 to the Poppy Family Trust, for which she serves as Trustee. These funds were paid to the Defendant/Debtor pursuant to a Memorandum of Decision entered on August 1, 2003, in the Superior Court of Connecticut, Judicial District of Waterbury, Regional Family Trial Docket at Middletown, into the Poppy Family Trust on or about July 1, 2009. His avoidance action is first grounded, generally, on 11 U.S.C. § 548 (2006) and Tennessee Code Annotated § 66-3-305 (2004), under the authority of 11 U.S.C. § 544(b) (2006). As material to the Plaintiff's Motion for Summary Judgment, these statutes provide:

> (a)(1)  The trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within

5

> 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
>> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted[.]

11 U.S.C. § 548(a)(1).

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
>> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]

TENN. CODE ANN. § 66-3-305(a)(1).

> (b)(1) Except as provided in paragraph (2) [concerning transfers of charitable contributions], the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b) (2006).

Correspondingly, "to the extent that a transfer is avoided under section 544, . . . 548 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from— (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). Here, the Plaintiff grounds his Motion for Summary Judgment exclusively on

6

the issue of actual fraud under 11 U.S.C. § 548(a)(1)(A) and Tennessee Code Annotated § 66-3-305(a).[3]

Actual or constructive fraud requires proof by a preponderance of the evidence. *Slone v. Lassiter (In re Grove-Merritt)*, 406 B.R. 778, 793 (Bankr. S.D. Ohio 2009); *Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 319 B.R. 134, 138 (Bankr. E.D. Ky. 2004), *aff'd*, 196 Fed. Appx. 337, 341 (6th Cir. 2006). The determination as to whether a transfer is fraudulent depends upon the specific facts and circumstances surrounding the transfer, and although fraudulent intent is rarely proved by direct evidence, it is often presumed through the presence of badges of fraud, which are facts that throw suspicions on the transaction calling for an explanation. *Holcomb Health Care Servs., LLC v. Quart Ltd., LLC (In re Holcomb Health Care Servs., LLC)*, 329 B.R. 622, 670 (Bankr. M.D. Tenn. 2004) (citations omitted); *see also Schilling v. Heavrin (In re Triple S Rests., Inc.)*, 422 F.3d 405, 414 (6th Cir. 2005) ("Badges of fraud are circumstances so frequently attending fraudulent transfers that an inference of fraud arises from them.") (citation omitted). Among those factors considered to be badges of fraud are the following enumerated in Tennessee Code Annotated:

(1) The transfer or obligation was to an insider;

(2) The debtor retained possession or control of the property transferred after the transfer;

---

[3] The Agreed Pretrial Order prepared by the parties and entered on May 16, 2011, which governs the trial, recites, generally, without any statutory reference, that "the issue to be determined at trial is: whether the Defendant fraudulently transferred property of the estate, such that the Trustee is entitled to avoid the transfer and recover property of the estate." Whether the Plaintiff seeks to avoid the disputed transfers under the constructive fraud provisions of 11 U.S.C. § 548(a)(1)(B) and Tennessee Code Annotated § 66-3-305(a)(2) as well as under the actual fraud provisions of these statutes is unclear. Because, pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7016 of the Federal Rules of Bankruptcy Procedure, the Agreed Pretrial Order controls the course of this action, the court will direct that the parties submit an amended Pretrial Order stating with specificity the statutory basis for the Plaintiff's claims.

 (3) The transfer or obligation was disclosed or concealed;

 (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

 (5) The transfer was of substantially all of the debtor's assets;

 (6) The debtor absconded;

 (7) The debtor removed or concealed assets;

 (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

 (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

 (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

 (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

TENN. CODE ANN. § 66-3-305(b); *see also Holcomb Health Care Servs., LLC)*, 329 B.R. at 670-71 (citing badges of fraud recognized by Tennessee courts); *Brandenburg v. Hayes*, 2010 WL 2787854, at *3 n.4 (Tenn. Ct. App. July 14, 2010) (same).

"The presence of one or more of the badges of fraud gives rise to a presumption of fraud and consequently shifts the burden of disproving fraud to the defendant." *Holcomb Health Care Servs., LLC)*, 329 B.R. at 671. Here, the parties do not dispute the presence of three badges of fraud. First, there is no dispute that the Defendant deposited the $79,973.27 into the Poppy Family Trust which had been established to receive and disburse funds for her minor children, nor do they dispute that the Defendant is the trustee of the Poppy Family Trust and, as such, has the authority to change any beneficiary, amend any provision of the trust, revoke the trust in whole or in part, or withdraw any

or all of the trust estate. STMT. OF MATERIAL FACTS ¶¶ 5, 7, 11, 12; DEF. EX. 4. Additionally, the parties do not dispute that, when she filed her bankruptcy case on April 28, 2010, the Defendant listed liabilities of $260,000.00, including $104,000.00 in unsecured debt, in her statements and schedules. STMT. OF MATERIAL FACTS ¶¶ 16, 17. Nevertheless, the presence of badges of fraud does not prove fraud; instead, the burden shifts to the Defendant to present facts that disprove fraudulent intent. In support of her Response, the Defendant has submitted a number of exhibits to counter the Plaintiff's allegations and to prove the nature of her intent with respect to the transfer. Because the court views the facts and all resulting inferences in favor of the non-movant in the context of summary judgment, which is contrary to the burden of proof for fraudulent conveyances, the Defendant was required only to present sufficient proof that a genuine dispute exists with respect to her fraudulent intent, and she has done so. Accordingly, taking the Complaint in a light most favorable to the Defendant, the court finds that she has sufficiently presented evidence that there is a genuine dispute as to material facts which precludes entry of summary judgment. The Motion for Summary Judgment filed by the Plaintiff on June 24, 2011, will be denied.

An Order consistent with this Memorandum will be entered.

FILED: July 22, 2011

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE